UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ALVIN D. CARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-cv-294 |
| | ) | (VARLAN/SHIRLEY) |
| AJN HOLDINGS and | ) | |
| THE PEPSI BOTTLING GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This application by plaintiff, Carson, to proceed in Forma Pauperis has been referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(A) by order from District Judge Varlan for disposition or report and recommendation regarding disposition by the District Court. This matter is before the Court on the plaintiff's application to proceed in forma pauperis, filed on December 11, 2006.

In support of the application, plaintiff states that he has been unemployed since May, 2004, and possesses no more than One Thousand and 00/100 ($1000.00) dollars worth of assets. Plaintiff further asserts that the total value of his personal property amounts to no more than Fifty and 00/100 ($50.00) dollars, and his liabilities and expenses equal Nineteen Thousand and 00/100 ($19,000.00) dollars, and Fifteen Thousand Four Hundred and 00/100 ($15,400.00) dollars, respectively.

All applications to proceed in Forma Pauperis must follow the procedures set out in Federal Rule of Appellate Procedure 24(a)(1). Federal Rule of Appellate Procedure 24(a)(1) states that a party who desires to appeal in Forma Pauperis must file a motion in the district court, and attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.
> *Fed. R. App. P. 24.*

The plaintiff has not complied with the procedures set out in Fed. R. App. P. 24(a)(1)(A). The plaintiff has also not complied with the procedures set out in Fed. R. App. P. 24(a)(1)(B) and Fed. R. App. P. 24(a)(1)(C), which require that a party applying to appeal in Forma Pauperis must attach an affidavit that claims an entitlement to redress and states the issues that the party intends to present on appeal. Although the application does not comply with the affidavit requirements set out in Fed. R. App. P. 24(a)(1)(A), the application is sufficient to show the Plaintiff's inability to pay or give security.

The Court therefore recommends that the application to proceed in Forma Pauperis pursuant to Fed. R. App. P. 24 be **DENIED**, to the extent that plaintiff has not complied with subsections (a)(1)(B) and (a)(1)(C) of the rule. Plaintiff now has the opportunity to file a motion to proceed on appeal in Forma Pauperis in the court of appeals within 30 days of the service of this notice of denial[1].

**IT IS SO ORDERED.**

ENTER:

_s/ C. Clifford Shirley, Jr._
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).